**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARY FEEZOR, | No. 12-17392 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01165-KJM-GGH |
| v. | |
| HANESBRANDS DIRECT, LLC, DBA L'Eggs/Hanes/Bali/Playtex Store #103; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted February 9, 2015
San Francisco, California

Before: THOMAS, Chief Judge, and TASHIMA and McKEOWN, Circuit Judges.

Lary Feezor appeals the district court's grant of summary judgment against

him as to his action brought pursuant to the Americans with Disabilities Act of

1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California state law. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Because the parties are familiar with the history of the case, we need not recount it here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review a grant of summary judgment de novo. *Metro. Life Ins. Co. v. Parker*, 436 F.3d 1109, 1113 (9th Cir. 2006).

Plaintiff alleges four ADA violations against Defendant Eddie Bauer and four ADA violations against Defendant HanesBrands. Plaintiff has conceded that six of these alleged violations have been remedied, rendering these claims moot. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) ("Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA . . . a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim.").

As for the remaining two claims, Plaintiff alleges that the entrance doors at the Eddie Bauer and HanesBrands stores feature panel handles that are difficult to grasp. *See* 28 C.F.R. Pt. 36, App. D at 4.13.9; 36 C.F.R. Pt. 1191, App. D at 309.4, 404.2.7. However, Plaintiff has not demonstrated that these panel handles constitute an accessibility barrier that deprives him of "full and equal enjoyment" of a public accommodation in violation of the ADA. 42 U.S.C. § 12182(a). In addition, Plaintiff did not show that the handles were not in compliance with the regulatory requirements.

2

An ADA plaintiff can establish standing "by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011) (en banc). Plaintiff has failed to demonstrate injury-in-fact and therefore lacks standing to pursue his claims.

**AFFIRMED**.